UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: Gary Lewis Jacobs,                    Case No. 16-10881-RGM

        Debtor                              Chapter 13

---

JLB and Associates, Inc.

        Plaintiff

v.

Gary Lewis Jacobs,

        Defendant

### MOTION TO DETERMINE THAT ANY DISMISSAL BE WITH PREJUDICE

Comes now JLB and Associates, Inc., by counsel, and moves this Court to make any dismissal of this case with prejudice, prohibiting the Debtor from filing a petition under any chapter of the Bankruptcy Code for one year, and states as follows:

1. The Debtor Gary Lewis Jacobs has, in bad faith, abused the bankruptcy process.

2. The details are more fully set forth in the adversary proceeding complaint attached hereto as Exhibit 1.

3. To summarize:

    a. Debtor Gary Lewis Jacobs, doing business as L&G Road Service, a sole proprietorship, was tenant, and the Plaintiff JLB and Associates, Inc. ("JLB") was landlord of premises in Stafford County. At that location Debtor Gary Lewis Jacobs as tenant operated a towing business and owned tow trucks and office equipment used in the business.

    b. The Debtor became substantially in arrears on rent.

Robert B. Goodall (VSB# 13590)
GOODALL, PELT & CARPER, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554
(540) 659-3130
(540) 659-0291 (Fax)
Email: bob.goodall@gpc-lawyers.com
Counsel for JLB and Associates, Inc.

   c. The Plaintiff filed an unlawful detainer proceeding in the state court to obtain possession of the premises and judgment for rent and filed an attachment in the state court to attach the tow trucks, office equipment and other tangible personal property on which JLB held a landlord's lien.

   d. Debtor filed case 15-11695-BFK ("the first Chapter 13") thereby staying both of those state court proceedings.

   e. Debtor asserted that he had removed the tow trucks, office equipment and other assets of the towing business and sold them to another towing company, giving conflicting dates on when he claimed the transaction happened.

   f. JLB filed an adversary proceeding 15-01119-BFK asserting Debtor should be denied a discharge because he had transferred, removed or concealed property of the Debtor with intent to hinder, delay or defraud a creditor and that he had knowingly and fraudulently made false oaths or accounts by then failing to list assets and drastically understating their value.

   g. The Debtor failed to get a confirmed plan and allowed the first Chapter 13 to be dismissed, and this Court dismissed the adversary proceeding as moot.

   h. JLB then filed a warrant in debt in the state court and a second attachment against Gary Lewis Jacobs.

   i. Debtor filed the current Chapter 13 case 16-10881-RGM thereby staying both of those state court proceedings which were subsequently dismissed without prejudice.

   j. JLB is about to file the attached adversary proceeding complaint both to object to discharge and to determine that its own claim is not dischargeable, and also for the liquidation of its claim, which has twice been stayed in the state court.

  4. Debtor's first Chapter 13 wrongly enabled him to (i) violate the landlord's security interest in tow trucks and other property which he later admitted he sold for an amount larger than his entire debt to the landlord; and (ii) enabled him to use the assets of his tow boat business and lawn business for the full Summer 2015 season without paying anything to the landlord and his other creditors.

5. By failing to get a confirmed plan, being dismissed and now refiling, failing to get a confirmed plan and being dismissed again, Debtor will have again foiled this creditor's legitimate efforts to adjudicate its claim and determine its non-dischargeability, so it may ultimately be collected. HIS TIMING STRONGLY SUGGESTS HE AGAIN EXPECTS TO USE THE TOW BOAT BUSINESS ASSETS AND LAWN CARE BUSINESS ASSETS AT LEAST FOR THE SUMMER 2016 SEASON WITH IMPUNITY AND WITHOUT PAYING CREDITORS.

6. JLB has now spent tens of thousands of dollars in attorney's fees both in the state court and in the bankruptcy court simply because Debtor is "playing fast and loose" with the process.

7. A ONE YEAR PROHIBITION AGAINST REFILING UNDER ANY CHAPTER OF BANKRUPTCY IS NECESSARY BECAUSE:

   a. This creditor will need several months to obtain judgment in the General District Court (Jacobs appeared in the state court proceeding simply to contest it and ask for the delay of a trial date before filing the current Chapter 13); and

   b. BECAUSE JACOBS HAS NOW FORMED LIMITED LIABILITY COMPANIES AND TRANSFERRED PERSONAL ASSETS INTO THEM I.E., THE TOW BOATS AND LAWN BUSINESS EQUIPMENT WHICH HE FORMERLY PERSONALLY OWNED, THE LANDLORD WOULD HAVE TO ENGAGE IN ADDITIONAL FRAUDULENT AND VOLUNTARY CONVEYANCE SUITS IN THE STATE CIRCUIT COURT WHICH COULD TAKE A FULL YEAR in order to be able to execute upon those assets themselves, rather than be limited to a charging order against the limited liability companies which the Debtor fully owns and would circumvent (for example, by paying 99% of available funds to his wife as an employee of the LLCs).

Wherefore, your Plaintiff prays that any dismissal of the current Chapter 13 be with prejudice, on such terms as the Court determines, to prevent any further stay from impeding the Plaintiff's liquidation and collection of its claim.

        Respectfully submitted,

        JLB and Associates, Inc.

By   */s/ Robert B. Goodall*
      Robert B. Goodall, counsel

Robert B. Goodall (VSB# 13590)
GOODALL, PELT & CARPER, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554
(540) 659-3130
(540) 659-0291 (Fax)
Email: bob.goodall@gpc-lawyers.com
Counsel for JLB and Associates, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 24th day of May, 2016, served via ECF to authorized users and mailed a true copy of the foregoing Motion to the following parties.

Gary Lewis Jacobs, Debtor
243 Decatur Rd.
Stafford, VA 22554

Jeremy Huang, Esq.
Woehrle Dahlberg Jones Yao PLLC
10615 Judicial Dr., Suite 102
Fairfax, VA 22030
Counsel for Debtor

Thomas P. Gorman, Chapter 13 Trustee
300 North Washington Street, Ste. 400
Alexandria, VA 22314

        /s/ Robert B. Goodall
        Robert B. Goodall

O:\RBG\Brown, Jerry\Jacobs & Vigrass\2016-05-23 MOTION THAT ANY DISMISSAL BE WITH PREJUDICE.doc5/25/2016 10:20 AM